MARÍA CANDELAS, Plaintiff and Appellant, *v.* JOSÉ GÁNDARA, Defendant and Appellee.

No. 4979. Argued February 13, 1930.—Decided May 21, 1931.

*A. L. López* for appellant. *Villamil & Reguero* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The plaintiff herein appealed from a judgment rendered in favor of the defendant, and assigns two errors in support of her appeal, to wit: That the lower court erred in denying her motion for a judgment on the pleadings, and in dismissing her complaint because of the insufficiency of the evidence.

It is substantially alleged in the complaint that at the time mentioned therein the plaintiff was traveling as a paying passenger in a public service autobus (*guagua*) belonging to the defendant, and that on the vehicle rounding a curve in the road at high speed the straps holding an extra tire snapped and the tire fell on the road, rebounded, and in coming down struck the left arm of the plaintiff, who was resting it on the window rail and injured it, causing her damages amounting to $5,000.

The defendant interposed a demurrer to the complaint on the ground of insufficiency which the court overruled, and he then filed a verified answer.

On the day of the trial and after the parties had announced that they were ready, the plaintiff moved the court to strike out specified portions of the answer because they failed to set forth specific denials of certain facts alleged in the complaint. The defendant objected, but the parties accepted the suggestion of the court that the point be settled after the introduction of the evidence. The evidence

of the plaintiff consisted of her own testimony, the defendant admitting that three other witnesses would testify similarly. This testimony is substantially the same statement made by her in her complaint, without adding any fact or circumstances not contained in that pleading. The defendant did not submit any evidence and moved for a judgment in his favor on the ground that the complaint was insufficient to support a judgment against him. The appellee has failed to appear in this appeal.

The complaint has not been improved by the evidence. The demurrer filed by the defendant ought to have been sustained, since there is no allegation of any act or omission due to fault or negligence on the part of the defendant to render him liable, pursuant to section 1803 of the Civil Code, for any damage suffered by the plaintiff. The complaint does not warrant the conclusion that the straps of the extra tire snapped, the tire fell on the road, and the plaintiff was injured because the defendant or his employee had tied or bound it to the bus in such a careless manner, or with straps so defective that they must snap.

In view of the conclusion reached by us, it is not necessary to pass upon the first of the two errors assigned; and the judgment appealed from must be affirmed.